REVISED JANUARY 16, 2003

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50319
Summary Calendar
_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

    v.

SH'CARIS SEARCY

        Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-29-ALL
--------------------
December 30, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:

Sh'caris Searcy appeals the 87-month sentence imposed following his guilty-plea conviction for possession of more than 50 grams of cocaine base with the intent to distribute and for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Specifically, Searcy challenges the imposition of the two-level sentencing enhancement he received for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. This case presents the issue, one of first impression in this court, whether a threat not directly communicated to the intended target may serve as the basis for a § 3C1.1 enhancement. We conclude that it may and,

for the reasons set forth below, AFFIRM the district court's judgment.

The § 3C1.1 enhancement in this case was based upon Searcy's attempt, while on pretrial release, to retaliate against the confidential informant ("CI") who had assisted law enforcement officers in the controlled drug purchase leading to his arrest by contacting a third party, who had a key to the CI's residence, and asking the third party to "plant" approximately four ounces of crack cocaine in the CI's residence. Searcy met with the third party, who, unbeknownst to him, was also a CI, in furtherance of the plan, but the plan fell apart when Searcy was unable to secure the money to purchase the crack cocaine. As he did in the district court, Searcy argues that the enhancement was error because he did not directly threaten the CI and because the CI was never aware of the threat to her.[*]

The district court's determination that a defendant obstructed justice is a factual finding reviewed for clear error, meaning that it will be upheld so long as it is plausible in light of the record as a whole. United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999). The district court's interpretation or application of the guidelines is reviewed de novo. Id.

---

[*] Searcy does not renew the other grounds upon which he objected to the enhancement in the district court, and those arguments are therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned).

Section 3C1.1 of the guidelines provides for a two-level increase if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . . ." § 3C1.1 "Obstructive conduct can vary widely in nature, degree of planning, and seriousness." Id. cmt. n.3. The commentary to the guideline provides a nonexhaustive list of the types of conduct to which the adjustment applies, including "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness or juror, directly or indirectly, or attempting to do so." Id. cmt. n.4(a).

Searcy contends that the guideline and commentary do not encompass a threat not communicated to the intended target, and he argues that a threat made to a third party which was never intended to be communicated to the target cannot support the obstruction-of-justice enhancement. He relies on the Fourth Circuit's decision in United States v. Brooks, 957 F.2d 1138, 1149-50 (4th Cir. 1992).

Searcy is correct that, to justify the imposition of the § 3C1.1 enhancement, the Fourth Circuit has required the threat to be made directly to the intended target or under circumstances in which there is some likelihood that the intended target will learn of the threat. See id. Searcy is also correct that the issue whether a defendant's threat to a third party which was not

communicated to the intended target is covered by § 3C1.1 is one of first impression in this court. However, all other circuit courts which have addressed the issue have reached a conclusion different from the Fourth Circuit's in Brooks.

The first court to do so was the Second Circuit, in United States v. Shoulberg, 895 F.2d 882, 885-86 (2d Cir. 1990), wherein the court upheld a § 3C1.1 enhancement based upon the defendant's having written, prior to trial, a note to a third party containing threats regarding a potential Government witness which were never communicated directly to the witness. The Second Circuit determined that because the note was a threat relayed to an intermediary which could have been communicated to the witness had the Government not intervened, the threat, even though indirectly made, was an attempt to obstruct justice covered by § 3C1.1. Id.

The Eighth Circuit similarly upheld the imposition of the § 3C1.1 enhancement based on a threat not communicated directly to the intended target, a coconspirator who had become a CI and, as in the instant case, was a potential Government witness. United States v. Capps, 952 F.2d 1026, 1028-29 (8th Cir. 1991). In Capps, after the defendant was arrested, she was heard making a statement to third parties in a local bar to the effect that she was planning to have some of her biker friends beat up the CI for "snitching on her." Id. at 1028. Capps argued that the enhancement was error because the threat was never communicated

to the CI.  Id.  The Eighth Circuit rejected the argument,

holding that:

> since the adjustment applies to attempts to
> obstruct justice, it is not essential that
> the threat was communicated to [the CI] if it
> reflected an attempt by Capps to threaten or
> intimidate her conspirators into obstructing
> the government's investigation.

Id. at 1029.  The court determined that the evidence showed that

Capp's threat against the CI was more than idle bar talk and

concluded that the § 3C1.1 enhancement was therefore warranted.

Id.

The Ninth Circuit has also upheld the imposition of the

§ 3C1.1 enhancement based on indirect threats.  United States v.

Jackson, 974 F.2d 104, 106 (9th Cir. 1992).  In that case, after

Fred Pittman, the defendant's friend and coconspirator, began

cooperating with the Government, the defendant disseminated to

various third parties copies of Pittman's cooperation agreement

with the Government, with the words "The `Rat' Fred Pittman" and

"Snitch" written on the top of the first page.  Id. at 105.  The

Ninth Circuit held that the enhancement was appropriate because,

although he did not directly threaten Pittman, Jackson had

disseminated information which placed Pittman and his family in

danger, potentially chilling Pittman's willingness to testify.

Id. at 106.  The court concluded, "Where a defendant's statements

can be reasonably construed as a threat, even if they are not

made directly to the threatened person, the defendant has

obstructed justice."  Id.

Most recently, the Eleventh Circuit adopted the same approach, holding that communication of a threat directly to a Government witness was not required to support the obstruction-of-justice enhancement.  United States v. Bradford, 277 F.3d 1311, 1314-15 (11th Cir.), cert. denied, 123 S. Ct. 304 (2002).  The court noted the disagreement between the Fourth Circuit and the Second, Eighth, and Ninth Circuits but concluded that the approach taken by the Second, Eighth, and Ninth Circuits was more persuasive.  Id. at 1315.  It therefore held that an indirect threat to third parties was an appropriate basis for the § 3C1.1 enhancement.  Id.

This court also finds the reasoning of the Second, Eighth, Ninth, and Eleventh Circuits the more persuasive and concludes that the § 3C1.1 enhancement in the instant case should be upheld based on the reasoning of these courts and on the plain language of § 3C1.1 and accompanying commentary, which specifically allow for application of the enhancement to attempts by defendants to directly or indirectly threaten, intimidate, or influence a potential Government witness.  See § 3C1.1 & cmt. n.4(a); see also Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").  The Fourth Circuit's conclusion in Brooks notwithstanding, there is nothing

in the text of the guideline or commentary which restricts application of § 3C1.1 only to situations in which the defendant directly threatens a witness or communicates the threat to a third party with the likelihood that it will in turn be communicated to the witness.  See § 3C1.1 & cmt. n.4(a).

It is undisputed that Searcy attempted to threaten the CI indirectly by instituting a plan to have a third party plant crack cocaine in her residence prior to Searcy's trial.  As the Government argues, had Searcy's plan succeeded, the credibility of a potential Government witness would have been undermined, adversely affecting the Government's ability to present its case. Searcy's conduct amounts to an indirect threat or attempt to influence a potential witness in an attempt to impede the judicial proceedings, warranting the obstruction enhancement.

Searcy argues that, even if a threat made to a third party and not communicated to the intended target can support a § 3C1.1 enhancement, the enhancement was nevertheless improper in his case because he did nothing that could qualify as a true attempt to obstruct justice.  He contends that he formed only a vague intent to have the crack cocaine planted in the CI's residence but took no action likely leading to the actual commission of the offense.  The uncontested findings of the PSR, however, show that Searcy met with the third party in furtherance of his plan to frame the CI and that the plan fell apart when Searcy could not

secure the money to purchase the cocaine to be planted in the residence.

For the foregoing reasons, Searcy's sentence is AFFIRMED.