# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

Lyle W. Cayce
Clerk

No. 09-30415
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTHUR BASALDUA, also known as Art, also known as Joe Perez, also known
as Yogi, also known as Artie, also known as Leo Perez, also known as Joey, also
known as Arthur Rubin Basaldua,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CR-60037-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Arthur Basaldua appeals following his guilty plea conviction of one count
of operating a continuing criminal enterprise, for which he was sentenced to life
imprisonment. He challenges the validity of his guilty plea, arguing that the
district court did not comply with Rule 11(b)(1)(H) of the Federal Rules of
Criminal Procedure because it did not advise him during the guilty plea hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the maximum possible penalty was life imprisonment. Because Basaldua did not raise an objection at his guilty plea hearing, plain error review applies. *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

Our review of the record shows that Basaldua was properly advised that he faced a maximum sentence of life imprisonment. Basaldua's argument lacks a factual foundation, and he has failed to establish plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Basaldua also challenges the imposition of an enhancement for obstruction of justice, which was based on letters he wrote to two individuals, Tran and Maturin, while he was detained. The probation officer determined that these letters contained threatening messages and that the letter to Maturin threatened harm if she became a witness. Basaldua argues that the district court should have personally examined the letters to determine if they contained threatening messages warranting an enhancement for obstruction of justice.

A presentence report (PSR) is generally sufficiently reliable to support a district court's factual findings. *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995). "If information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991). Because Basualda offered no evidence to rebut the PSR's determination that the letters contained threatening messages, the district court was free to adopt the PSR's findings without further inquiry or explanation. *See United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990).

Basaldua also contends that the subjective perceptions of the recipients of the letters should have been considered in determining whether the letters contained threats. This court has determined, however, that a threat communicated to a third party can serve as basis for an obstruction of justice enhancement even if the intended target was unaware of the threat. *United*

*States v. Searcy*, 316 F.3d 550, 552-53 (5th Cir. 2002).  Under *Searcy*, Basaldua's contention that the subjective perception of the recipient of a message should be considered in determining whether a threat has been made is without merit.  *See id.*

The judgment of the district court is AFFIRMED.