NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1757
_____

UNITED STATES OF AMERICA

v.

LEON HENRY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-00033-02)
District Judge:  Honorable Jan E. Dubois
_____

Submitted Under Third Circuit LAR 34.1(a)
April 26, 2011

Before:  BARRY, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed:  April 26, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Leon Henry (Leon or Henry) appeals his judgment of sentence following a jury

trial.  Because the District Court committed no error, we will affirm.

I

Because we write for the parties, who are well acquainted with the case, we review only briefly the essential facts and procedural history.

In 2003, Leon and his brother Andre Henry (Andre) wanted to purchase firearms, but could not do so directly because they were convicted felons. Accordingly, they recruited two women, Tameka Niblack and Starlene Herbert, to act as "straw" purchasers. In their first attempt to purchase an assault rifle for the Henrys, the women were rebuffed by a gun store clerk because they did not know how to operate the weapon. Undaunted by this rejection, the Henrys drove Niblack the next day to a different gun store, where she successfully purchased a Bushmaster AR-15 rifle, ammunition, and a gun cleaning kit. During the following week, in two separate transactions, Niblack purchased two Glock 9mm handguns. Niblack gave all three weapons and accessories to the Henrys.

At trial and during sentencing, the Government introduced evidence that prior to Niblack's purchases, Leon had helped Andre conceal evidence and launder money from Andre's earlier crimes, which included eight robberies of fast food restaurants with a fake firearm, two robberies of the Pulaski Savings Bank with an AK-47 rifle, and two attempted carjackings, during one of which Andre shot at a police officer. The Government also introduced evidence that the Henrys and two conspirators were planning a third bank robbery at which Leon was to stay outside the bank and act as a sniper if police arrived, although Leon was eventually acquitted of this conspiracy. Fortunately, Andre was arrested for violating his parole before a third bank robbery could occur.

Leon was arrested after Andre and was charged with one count of conspiracy to make false statements to a federal firearm licensee, and two counts of making such statements. Andre and five other conspirators were also charged in the indictment, but those charges are not germane to this appeal. A superseding indictment was filed, followed by a second superseding indictment charging twenty-eight counts against the seven defendants. Leon was charged with: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) conspiring to make false statements to a federal firearm licensee in violation of 18 U.S.C. § 371; (3) making false statements to a federal firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A); and (4) conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371. Following a successful motion to sever, Leon was tried alone, and the jury found him guilty of the firearms offenses but acquitted him of conspiracy to commit bank robbery. After a four day sentencing hearing, the District Court sentenced Leon to 106 months imprisonment.

At sentencing, the Government sought sentencing enhancements under the United States Sentencing Guidelines (USSG) for, *inter alia*, obstruction of justice (USSG § 3C1.1) and possessing or transferring a gun with knowledge, intent or reason to believe it would be used in a felony offense (USSG § 2K2.1(b)(5)). The Government also moved for upward departures because Henry engaged in multiple acts of obstruction of justice and because he threatened a prosecutor. The Government proffered multiple witnesses to testify in support of these enhancements. The District Court did an admirable job weighing the voluminous evidence and determining whether each alleged act supported

3

an enhancement, departure, or variance.

First, the District Court found that Henry attempted to convince Niblack to stage a break-in and file a false police report that the guns had been stolen. Supp. App. 321, 334. The District Court reasonably found that this "was an unlawful attempt to influence a witness to lie to the police," which amounted to obstruction of justice pursuant to application note 4(a) to USSG § 3C1.1. *Id.* at 334.

Second, the Government presented somewhat equivocal evidence to show that Leon had, pursuant to an earlier agreement with Andre, gone to the apartment of one of the straw purchasers to prevent her from testifying by killing her, but that he had abandoned the plan. The District Court found that this did not amount to an attempt to obstruct justice and declined to enhance based on the evidence. *Id.* at 323.

Third, the Government proffered evidence that Leon, at Andre's behest, approached two potential witnesses outside the grand jury room. The Government argued that this amounted to an attempt to interfere with the grand jury, but the District Court found that speaking to the witnesses, without any evidence of threats or intimidation, could not support an enhancement for obstruction of justice. *Id.* at 325.

Fourth, the Government proffered evidence that Henry had first deliberately hidden the guns, then, after the police failed to find them, had hidden them again elsewhere, and finally, once he was in custody, had telephoned a compatriot and instructed him to hide them in yet a third location. The District Court rejected the defense's argument that simply concealing evidence could not amount to obstruction of

4

justice and found that because Henry "took deliberate steps, with knowledge of an investigation, to conceal the weapons [it] amount[ed] to obstruction of justice." *Id.* at 332; *see* USSG § 3C1.1 cmt. n. 4(d) (2002).

Fifth, the Government presented evidence that, once he was incarcerated, Henry spoke to co-defendant and potential witness Herbert through the prison's plumbing system. When Herbert declined to speak with Henry, he told her not to testify and threatened to poison everyone on her floor in the prison. The District Court found that this threat constituted obstruction of justice. Supp. App. 336; USSG § 3C1.1 cmt. n. 4(a) (2002).

Finally, the Government presented evidence that Henry told another prisoner that he was planning to kill the Assistant United States Attorney prosecuting his case. Specifically, Henry told the prisoner (1) that he had read a transcript of his trial during which, at sidebar, the prosecutor had requested time to take her daughter to the hospital, and (2) that he intended to use the Bushmaster AR-15 rifle, which the Government had never found, to kill the prosecutor and her family. Henry's prison confidante informed the prosecutor and testified against Henry at sentencing, and this testimony was corroborated by another prisoner. Defense counsel argued that because the threat had not been communicated by Henry to the prosecutor it could not constitute a real threat or an attempted obstruction of justice. The District Court disagreed. Supp. App. 339.

In sum, the District Court found four acts that could constitute obstruction of justice—urging Niblack to file a false police report, concealing and re-concealing the

weapons to hinder the investigation, threatening to poison Herbert's prison floor to prevent her from testifying, and threatening to kill the prosecutor and her family—and rejected two others—the alleged aborted attempt to kill a witness, and speaking to potential grand jury witnesses.

After making these findings, the District Court ruled on the applicability of the various guidelines and enhancements. First, it found that the four-level enhancement under USSG § 2K2.1(b)(5) was applicable, for two independent reasons, namely because Henry

> had reason to believe that the weapons for which he is criminally responsible, the Bushmaster AR-15 and the two Glocks, would be used or possessed in connection with another felony offense [and also because,] with respect to the threat on [the prosecutor,] the defendant possessed that Bushmaster, although it was possessed at the time of the statement constructively only, he knew where it was . . . the Government didn't know where it was, he possessed that weapon constructively with the intent to commit another felony offense, that is the murder of [the prosecutor].

*Id.* at 315.

The District Court also granted a two-level enhancement for obstruction of justice under USSG § 3C1.1 "because of the attempt of the defendant to have a witness make a false police report." *Id.* at 343. It then found that "the separate acts of obstruction, the concealment of evidence and the threats to co-defendant, warrant[ed] a two-level increase in offense level, and . . . depart[ed] upward by two levels" for those acts. *Id.* at 345.

Finally, the District Court addressed the Government's motion for an upward departure for the threats against the prosecutor. The Government argued that this

warranted a three level upward departure by analogy to USSG § 3A1.2—an enhancement for an official victim—but the District Court rejected this argument because the prosecutor was not a victim of Henry's offenses of conviction. Nonetheless, the District Court departed upward an additional two levels based on the threat to the prosecutor. *Id.* at 346. At the conclusion of sentencing, the District Court clarified that both upward departures—for the threat against the prosecutor and the multiple acts of obstruction of justice—were pursuant to USSG § 5K2.0 which "provides for a departure, 'if the Court finds that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the sentencing commission in formulating the guidelines that should result in a sentence different from that described.'" *Id.* at 366 (quoting USSG § 5K2.0 (2002)).

## II

On appeal, Henry challenges the District Court's application of the two-level enhancement for obstruction of justice under USSG § 3C1.1 and the two additional two-level upward departures under USSG § 5K2.0.

We review district court sentencing decisions for abuse of discretion, looking first for procedural error and then examining the sentence for substantive reasonableness. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). We review a district court's legal interpretation of the Guidelines *de novo*. *United States v. Grier*, 475 F.3d 556, 561-68 (3d Cir. 2007) (*en banc*). District courts make sentencing-related factual findings by a preponderance of the evidence standard. *United States v. Fisher*, 502 F.3d 293, 307 (3d

7

Cir. 2007). Accordingly, "if the asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous." *Wise*, 515 F.3d at 217.

A

Henry argues that the District Court erred by using the threats to the prosecutor as the basis for an obstruction of justice enhancement under USSG § 3C1.1. We disagree.

In fact, the District Court did not impose an enhancement for obstruction of justice under USSG § 3C1.1 based on Henry's threat against the prosecutor. Instead, it imposed a two-level upward departure under USSG § 5K2.0 for that threat. The District Court explicitly predicated the obstruction of justice enhancement on Henry's attempt to convince Niblack to file a false police report. Supp. App. 339, 343. This was not error. Nonetheless, Henry argues that the District Court erred because it found that the threat against the prosecutor could support an obstruction of justice enhancement, even absent evidence that Henry intended it to be communicated to the prosecutor, thereby influencing or obstructing her prosecution of him.

We have not addressed whether USSG § 3C1.1 requires a threat to be communicated to the intended victim or the related question of what constitutes evidence of intent for the enhancement. Other circuit courts of appeals are split on the issue. *See United States v. Brooks*, 957 F.2d 1138, 1150-51 (4th Cir. 1992) (holding that the enhancement "requires that the defendant either threaten the codefendant, witness, or juror in his or her presence or issue the threat in circumstances in which there is some

8

likelihood that the codefendant, witness, or juror will learn of the threat."); *United States v. Searcy*, 316 F.3d 550, 552-53 (5th Cir. 2002) (joining the Second, Eighth, Ninth, and Eleventh Circuits in holding that a threat need not be directly communicated to the victim to support an enhancement). In this appeal, where the enhancement was not even applied based on the threat, we have no occasion to resolve these questions.

B

Second, Henry argues that the District Court imposed the enhancement for the threat based on the same conduct which formed the basis of another enhancement, namely the four-level enhancement for "possess[ing] or transferr[ing] any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." USSG § 2K2.1(b)(5). This argument fails for three reasons, two of which are fact-based and one of which is a question of law. First, the District Court imposed the § 2K2.1 enhancement both because of the threat to the prosecutor and because Henry had reason to believe that the weapons would be used in connection with another felony offense, namely another robbery with or by Andre. Supp. App. 315. Second, possessing or transferring a weapon with knowledge that it will be used in a felony is not the same conduct as making a threat to use that weapon. Finally, "[o]nly when the Guidelines explicitly prohibit double counting will it be impermissible to raise a defendant's offense level under one provision when another offense Guideline already takes into account the same conduct." *Fisher*, 502 F.3d at 309. Accordingly, the District Court did not err in imposing a two-level upward departure under USSG § 5K2.0

9

for Henry's threat to the prosecutor along with the other enhancements.[1]

## III

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[1] Having found no procedural error in the District Court's Guidelines calculations, Henry's substantive unreasonableness argument necessarily fails as it is premised on his claim that his offense level was calculated improperly.