**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Sherman Edward JACKSON, Defendant–Appellant.**

**No. 91–30228.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 1992.*

Memorandum Filed May 18, 1992.

Modified by order filed June 11, 1992.

Order and Opinion Aug. 25, 1992.

Nancy Bergeson, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Charles H. Turner, U.S. Atty., Portland, Or., for plaintiff-appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App. P. 34(a) and 9th Cir.R. 34–4.

Before: WALLACE, Chief Judge,
GOODWIN, Circuit Judge, and LEVI,
District Judge.**

## ORDER

The memorandum disposition filed on May 18, 1992, and modified by an order filed on June 11, 1992, is redesignated as an authored opinion by Judge Levi with slight modifications.

## OPINION

LEVI, District Judge:

Appellant Sherman Edward Jackson appeals the district court's imposition of a two-level enhancement of his offense level under the Sentencing Guidelines. The district court found that Jackson's dissemination of the cooperation agreement of a government witness was an obstruction of justice. We hold that this ruling is not clearly erroneous and affirm.

### I

Fred Pittman, a long-term friend of Jackson's, had his residence searched on December 5, 1989. Due to the discovery of large quantities of cash and cocaine, Pittman entered into an agreement in which he agreed to assist the government in its investigation of Jackson, a suspected cocaine trafficker. Pittman purchased cocaine from Jackson several times at the government's request, and tape-recorded many of his contacts with Jackson. Jackson was arrested during the last of seven cocaine purchases. Following a discovery request by Jackson's counsel, the government supplied a copy of Pittman's cooperation agreement.

Jackson's counsel gave Jackson a copy of the cooperation agreement. Jackson then wrote in large letters "The 'Rat' Fred Pittman," and below that, " 'Snitch' " on the top of the first page of the agreement. He gave copies to his sister, a minister, and sent a copy to Pittman's mother. According to the testimony of Derrick Foxworth,

a sergeant in the Portland police department, Pittman told him that copies of the agreement were circulated at a restaurant and nightclub in North Portland. Jackson testifies that he did not .intend to hurt Pittman by disseminating the agreement, but intended only to prove to Pittman's mother that Pittman was responsible for his arrest.

In assigning a two-level increase to Jackson for obstruction of justice, the district court found that Jackson had not been entirely candid regarding his reasons for distributing copies of the agreement:

> When I turn to the issue of obstruction of justice here, I must state that I consider Mr. Jackson's testimony to be candid in some respects and not in others.... In this case there is no question but what the actions [by] Mr. Jackson in writing the statement at the top of the plea agreement and sending copies of the agreement to at least three members of his community constituted actions which would [chill] potential witnesses' willingness to cooperate with the government in the future.... The other matter that occurred is that which [the United States Attorney] draws our attention to of [Jackson's] knowledge of the dangers brought upon notice to others of informant performance. It is this knowledge and the admitted anger and intentions to bring this to the attention to at least three sources, or different persons, that led me to the conclusion that, in fact, there was at least at that time an intention to chill a potential witness's involvement and cooperation and that would constitute an obstruction of justice.

The court then added two levels to Jackson's offense level for obstruction of justice, under Guidelines section 3C1.1.

### II

■ Whether a defendant obstructed justice under the Guidelines is a factual determination we review for clear error. *United States v. Fine*, 946 F.2d 650, 652

---

** David F. Levi, United States District Judge for the Eastern District of California, sitting by des-

ignation.

(9th Cir.1991); *United States v. Christman*, 894 F.2d 339 (9th Cir.1990). In reviewing under a clear error standard, we "give due regard to the opportunity of the district court to judge the credibility of the witnesses." 18 U.S.C. 3742(e).

### III

■ Section 3C1.1 of the Sentencing Guidelines provides in part that if a defendant attempts to obstruct the administration of justice, the offense level shall be increased by two levels. Application note 3 states that an increase under this section is appropriate if a defendant threatens, intimidates or otherwise unlawfully influences or attempts to influence a witness. The district court found that Jackson acted with the conscious intent to obstruct justice. The court noted that Jackson was aware of the danger associated with being identified as a "snitch," and that Jackson admitted that he acted out of anger at Pittman when he wrote the statement on the top of the agreement.

Jackson argues that the increase is inappropriate because his actions did not constitute a threat, intimidation, or unlawful influence. He suggests that (1) he was simply publishing information that was otherwise publicly available; (2) neither disseminating the agreement nor writing the words "the Rat Fred Pittman Snitch" rises to the level of obstruction of justice; (3) he never intended to pressure Pittman; and (4) his conduct did not in fact deter Pittman from testifying. These arguments are not persuasive. First, although Pittman's status as a government informant was not secret, the cooperation agreement was not distributed outside the United States Attorney's office, except to Jackson's counsel on her request. The question is not whether the document was under seal but whether, in the circumstances, its dissemination to a family member of an informant and to others, with the notation "rat" and "snitch," may constitute an attempt to influence a witness.

■ Second, Jackson's conduct was sufficiently threatening to qualify as obstruction. Distribution of a cooperation agreement is not a common gesture suggesting an innocent purpose. Here the unusual step of distributing the agreement was compounded by the addition of the words "rat" and "snitch." Moreover, it is of no moment that the threat was not made directly to Pittman. Where a defendant's statements can be reasonably construed as a threat, even if they are not made directly to the threatened person, the defendant has obstructed justice. *United States v. Shoulberg*, 895 F.2d 882, 885–86 (2d Cir. 1990). In the present case, although Jackson did not directly threaten Pittman, he disseminated information that he knew could place Pittman and his family in a position of danger. The district court reasonably concluded that the distribution of the agreement, with the additions, would be perceived by Pittman and his family as a threat, potentially chilling Pittman's willingness to testify.

Third, the district court's finding that Jackson intended to deter Pittman from testifying is entitled to deference. Jackson testified that his strong fear of being labelled as a snitch was the reason that he would not identify his drug source. He surely knew, as the district court found, that Pittman could be placed in, or would perceive, the same peril by being similarly identified. Finally, it is irrelevant to a finding of attempted obstruction that Pittman testified in spite of Jackson's threats. For these reasons, we find that the district court's conclusion that Jackson obstructed justice was not clearly erroneous.

■ Jackson's final argument, raised for the first time on appeal, is that the district court's interpretation of section 3C1.1 is a violation of his First Amendment free speech rights. Ordinarily, we will not address on appeal arguments not raised below. *Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir.1987). Even if we were to consider this issue, we would find it foreclosed. *See Shoulberg*, 895 F.2d at 886 (no First Amendment right to make intimidating threats against government witnesses).

AFFIRMED.