106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Ochoa ERIVES, Defendant-Appellant.
 No. 96-50369.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Hector Ochoa Erives appeals his sentence imposed following his guilty plea to two counts of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Erives contends that the district court erred by making a two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1 after finding that Erives falsely testified at a suppression hearing that border patrol agents beat him. We review the district judge's finding of obstruction of justice for clear error. United States v. Jackson, 974 F.2d 104, 105-06 (9th Cir.1992). We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 1
 For a sentencing court to apply a two-level adjustment for obstruction of justice based on a defendant's allegedly perjurious testimony, it must find that defendant gave (1) false testimony, (2) on a material matter, (3) with willful intent. United States v. Robinson, 63 F.3d 889, 891-92 (9th Cir.1995).
 
 
 2
 At his suppression hearing, Erives testified to the following: Upon being apprehended at the border, patrol agents hit him in the chest, knocked him to the ground, repeatedly insulted him, and dragged him by the collar for three or four meters. As a result of being dragged on the ground, he suffered abrasions that have left scars on his arms and back. After his arrest, he was examined by a doctor at the Metropolitan Correctional Center ("MCC") and he told the doctor at that time that immigration officers had beaten him. He then was given an X-ray and pain medication.
 
 
 3
 To contradict Erives's testimony, the government submitted MCC medical records which showed that during his medical examination Erives had complained only of a sports-related injury to his lower back. There was no indication from the records that any x-rays were taken, that any medication was prescribed, or that Erives had sustained abrasions that would have resulted in scarring some six months later.
 
 
 4
 The district court concluded that the discrepancies between Erives's testimony and his medical records indicated that Erives had lied to the court regarding the beatings. Given the discrepancies in the record, we cannot say that the district court clearly erred in reaching this conclusion. See Jackson, 974 F.2d at 105-06.
 
 
 5
 Erives argues that even if his testimony was false, the two-level adjustment was improper because the false testimony was not material to finding a violation under section 1326(a). Material information is "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. 3C1.1 comment, (n. 5); see also United States v. Magana-Guerrero, 80 F.3d 398, 400 (9th Cir.), cert. denied, 117 S.Ct. 141 (1996). Here, it appears that by testifying about the beatings during his suppression hearing, Erives was attempting to show that his confession was not voluntary. A suppression of Erives's confession may have had the potential of affecting the outcome of his case. See United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994) (noting that it is not necessary that a defendant's false statements actually mislead or obstruct justice, only that they have the potential for doing so). Accordingly, the district court did not clearly err by applying a two-level adjustment pursuant to section 3C1.1.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Erives's contention that the district court erred by not making independent findings on the obstruction of justice issue. Although the district court's findings could have been more specific, we conclude that they pass muster under United States v. Dunnigan, 507 U.S. 87, 91, 95 (1993) and United States v. Arias-Villanueva, 998 F.2d 149, 151 (9th Cir.1993 (cert. denied, 510 U.S. 937)