### UNITED STATES of America, Plaintiff–Appellee,

v.

### Earl Carlton BOGANS, Defendant–Appellant.

No. 00–50259.

D.C. No. CR–99–01099–R.

United States Court of Appeals, Ninth Circuit.

*di v. INS,* 149 F.3d 1011, 1013–16 (9th Cir. 1998).

Submitted July 11, 2001 *.

Decided July 30, 2001.

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI,** Court of International Trade Judge.

### MEMORANDUM ***

Earl Bogans ("Bogans") pled guilty to three counts of conspiracy and interference with interstate commerce in connection with the attempted robbery of a Loomis–Fargo Armored Van, and the use of a firearm during a crime of violence. He now appeals his sentence.

Under the sentencing guidelines for robbery, a defendant's offense level is increased by four points if the victim suffers serious bodily injury and by six points for permanent or life-threatening injury. *See* UNITED STATES SENTENCING GUIDELINES MANUAL § 2B3.1(b)(3). The district court increased Bogans' sentence by six points for permanent bodily injury, which Bogans challenges. "A district court's determination whether a victim has sustained a 'permanent or life-threatening bodily injury' is a determination of fact that we review for clear error." *United States v. Morgan*, 238 F.3d 1180, 1188 (9th Cir.2001). Carlos Arroyo, the injured armored car guard, suffered both physically and mentally as a result of the robbery. At the time of trial, Arroyo was temporarily totally disabled and was expected to have permanent residuals, preventing him from heavy lifting, repeated

---

* The panel unanimously finds this case suitable for decision without oral argument. FED. R. APP. P. 34(a)(2).

** The Honorable Jane Restani, Judge for Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

bending and stooping. These facts support a finding of permanent bodily injury.

Bogans also appeals the district court's finding of obstruction of justice based on Bogans' perjured testimony in the Wilson/Mitchell consolidated trial. We review the factual determination of whether a defendant obstructed justice under the sentencing guidelines for clear error. *United States v. Gardner*, 988 F.2d 82, 83–84 (9th Cir.1993) (citing *United States v. Jackson*, 974 F.2d 104, 105 (9th Cir.1992)). The district court did not err.

■ Finally, Bogans challenges the district court's two-point enhancement for carjacking. We review the court's factual findings for clear error. *United States v. Johansson*, 249 F.3d 848, 858 (9th Cir. 2001). However, the court made no findings regarding the carjacking enhancement, and failed to resolve the factual dispute regarding application of this enhancement to Bogans. This failure necessitates a remand. *See United States v. Kohli*, 110 F.3d 1475, 1478 (9th Cir.1997).

We therefore VACATE Bogans' sentence insofar as it rests on application of the carjacking enhancement and REMAND for determination whether the evidence supports imposition of the carjacking enhancement. In all other respects the sentence is AFFIRMED.