**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Timothy Weaver BRADLEY,
Defendant—Appellant.**

No. 02–10580.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 27, 2003.

Before: SCHROEDER, Chief Judge,
O'SCANNLAIN, and TASHIMA, Circuit
Judges.

MEMORANDUM *

Timothy Weaver Bradley appeals his jury trial conviction of being a felon in

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He also appeals the imposition of a two-level sentence enhancement for obstruction of justice.

Bradley contends that the district court erred in substituting an alternate juror, after deliberations began, without obtaining Bradley's written consent. Under the applicable rule of criminal procedure, Fed. R.Crim.P. 24(c), written consent is not required. The rule, as amended, gives the district court discretion, stating: "[t]he court may retain alternate jurors after the jury retires to deliberate.... If an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew." Fed.R.Crim.P. 24(c)(3). Bradley is relying on case law that precedes the rule's amendment and is therefore superseded by the plain language of the new rule.

Bradley also contends, that if the substitution was appropriate, the district court nevertheless erred in giving the jury an "*Allen* Charge" before it began deliberating anew. The record reflects that the court modified its previous instruction to the jury in a manner that was acceptable to defense counsel. There was no objection and no abuse of discretion. *See United States v. Nelson*, 137 F.3d 1094, 1109 (9th Cir.1998).

With respect to sentencing, Bradley contends that statements he made to a government witness were ambiguous and not threatening. Under our circuit's law, statements that can be "reasonably construed" to be threats constitute obstruction of justice. *United States v. Jackson*, 974 F.2d 104, 106 (9th Cir.1992). The

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court found that Bradley's statement could reasonably be construed as a threat, and its finding was not clearly erroneous.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.