UNITED STATES of America, Plaintiff—Appellee,

v.

Viktor MASCAK, Defendant—Appellant.

Nos. 05–30552, 05–30553.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Fredric N. Weinhouse, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Noel Grefenson, Esq., Storkel & Grefenson, P.C., Salem, OR, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Viktor Mascak appeals from the 24–month sentence imposed following a limited remand under *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). He was convicted by a jury of two counts of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and two counts of unlawful sale of firearms to out-of-state residents, in violation of 18 U.S.C. § 922(a)(5). We have jurisdiction under 28 U.S.C. § 1291.

Mascak contends that the district court erred by imposing a six-level sentence enhancement based on its finding that more than 50 firearms were used in the offense, and by applying a two-level adjustment for obstruction of justice. We disagree.

With respect to the firearms enhancement, there is ample evidence in the record that supports the district court's finding. Tellingly, Mascak and his co-defendant both testified that they had sold far more than 50 firearms during the period of time at issue. Therefore, the district court did not commit clear error when it concluded by a preponderance of the evidence that Mascak's case involved more than 50 firearms. *See United States v. Menyweather,* 447 F.3d 625, 630 (9th Cir.2006) (citing standard of review for district court's factual findings).

With respect to the obstruction of justice adjustment, one witness testified that he felt "intimidated" after Mascak told him not to testify and that he was not safe. Another witness testified that he felt threatened by Mascak's angry verbal threats, and that he thought Mascak was trying to scare him. Based on this testimony, the district court's finding was not clearly erroneous. *United States v. Jackson,* 974 F.2d 104, 106 (9th Cir.1992).

Finally, we conclude that because the district court reiterated that it had considered the 18 U.S.C. § 3353(a) factors during the original sentencing, and that it evaluated the factors again at the *Ameline* remand hearing, the district court imposed a reasonable sentence. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.