UNITED STATES of America,
Plaintiff–Appellee,

v.

Evangelos Dimitrios SOUKAS,
Defendant–Appellant.

No. 06–30006.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Karyn S. Johnson, Esq., USSE—Office
of the U.S. Attorney, Seattle, WA, for
Plaintiff–Appellee.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Carol A. Elewski, Esq., Tumwater, WA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Evangelos Dimitrios Soukas appeals from the 92–month sentence imposed following his guilty-plea conviction for conspiracy to commit wire fraud and mail fraud, conspiracy to commit fraud through use of another person's means of identification, fraudulent use of another person's means of identification, and false claims to the Internal Revenue Service. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Soukas contends that the district court erred in imposing an aggravated role adjustment pursuant to U.S.S.G. § 3B1.1(c) for being a supervisor in criminal activity. However, even "[a] single incident of persons acting under a defendant's direction is sufficient evidence to support [the] enhancement." *See United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000).

■ Soukas further contends that the district court erred by applying an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1. We conclude that in light of the threatening e-mails Soukas sent to a detective investigating his activities and his flight to Greece, the court did not err in applying the enhancement. *See United States v. Jackson,* 974 F.2d 104, 106 (9th Cir.1992) ("Where a defendant's

statements can be reasonably construed as a threat . . . the defendant has obstructed justice."); *United States v. Mondello,* 927 F.2d 1463, 1467 n. 4 (9th Cir.1991) (applying the enhancement based upon "an attempt to escape justice").

■ Soukas also contends that the sentence imposed by the district court was unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the combined 4–level enhancement was disproportionate to his conduct, and the resultant increase in his sentencing range was unrelated to the sentencing purposes set forth by 18 U.S.C. § 3553(a)(2). The district court did not err in its application of the Guidelines, and considered Soukas' family circumstances, criminal history, flight to Greece, and other factors pursuant to 18 U.S.C. § 3553(a)(2). We conclude that Soukas' sentence was not unreasonable. *See United States v. Marcial–Santiago,* 447 F.3d 715, 719 (9th Cir.2006).

## AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

