**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gulmaro TORRES–LEON,
Defendant–Appellant.**

No. 08–30236.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2009.*

Filed March 24, 2009.

James Edmund Seykora, Esquire, Assistant U.S., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

James B. Obie, Obie Law, P.C., Helena, MT, for Defendant–Appellant.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Gulmaro Torres–Leon appeals from the 360–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Torres–Leon contends that the district court erred when it imposed a two-level obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1. We conclude that the district court did not clearly err. *See* U.S.S.G. § 3C1.1, cmt. n. 4(a); *see also United States v. Jackson,* 974 F.2d 104, 105–06 (9th Cir.1992).

Torres–Leon also contends that the district court erred when it imposed a four-level leadership enhancement, pursuant to U.S.S.G. § 3B1.1(a). We conclude that the district court did not clearly err. *See United States v. Rivera,* 527 F.3d 891, 908 (9th Cir.2008).

Finally, Torres–Leon contends that the district court procedurally erred by engaging in a legally insufficient analysis of the 18 U.S.C. § 3553(a) sentencing factors and that his sentence is substantively unreasonable. We conclude that the district court did not procedurally err and that Torres–Leon's sentence is substantively reasonable. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc); *see also United States v. Shabani,* 48 F.3d 401, 404 (9th Cir.1995).

We remand with instructions that the district court change the term of supervised release in the written judgment to a period of five years, making it consistent with the district court's oral pronouncement at sentencing. *See United States v. Fifield,* 432 F.3d 1056, 1059 fn. 3 (9th Cir.2005).

**AFFIRMED; REMANDED to correct the judgment.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.