MEMORANDUM **
Appellant Wayde Lynn Kurt appeals his conviction for possession of firearms after a prior felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924. He argues that the district court erred by refusing to give entrapment instructions, refusing to admit certain photographs and book excerpts, and applying two sentencing enhancements. We review the district court’s decision on whether a defendant has presented sufficient evidence to warrant an instruction and the court’s evidentiary rulings for abuse of discretion. United States v. Spentz, 653 F.3d 815, 818 (9th *725 Cir.2011), cert. denied, — U.S. —, 132 S.Ct. 1600, 182 L.Ed.2d 209 (2012); United States v. Waters, 627 F.3d 345, 351-52 (9th Cir.2010). “We review the district court’s interpretation of the Sentencing Guidelines de novo, the district court’s application of the Sentencing Guidelines to the facts of [a] case for abuse of discretion, and the district court’s factual findings for clear error.” United States v. May, 706 F.3d 1209, 1212 (9th Cir.2013) (internal quotation marks omitted). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
I
The district court found that no reasonable jury could conclude that Kurt was entrapped and declined to give Kurt’s proposed entrapment instructions. Generally, a defendant is entitled to an entrapment instruction if he or she presents sufficient evidence of inducement and lack of predisposition such that a reasonable jury could find in his or her favor. Spentz, 653 F.3d at 818. “Only slight evidence will create the factual issue necessary to get the defense to the jury, even though the evidence is weak, insufficient, inconsistent, or of doubtful credibility.” Id. Regardless of whether Kurt presented sufficient evidence of lack of predisposition, we conclude that he did not present sufficient evidence of inducement to warrant the entrapment instructions.
“Inducement is any government conduct creating a substantial risk that an otherwise law-abiding person would commit a criminal offense.” United States v. Sandoval-Mendoza, 472 F.3d 645, 648 (9th Cir. 2006) (internal quotation marks omitted). It generally “take[s] the form of persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of [a non-criminal] reward, or pleas based on need, sympathy or friendship.” Spentz, 653 F.3d at 820 n. 4. Here, Kurt admitted that the government informant did not induce him to use firearms through threats, harassment, sympathy, or friendship. Instead, he suggested that the informant persuaded him to do so by requesting that Kurt become the “armorer” of a new extremist group and through “inaction” by failing to introduce Kurt to an existing extremist group.
In these circumstances, we note that the safer practice may have been to give the instructions. We nonetheless conclude that even if Kurt’s testimony is credited, the informant’s alleged conduct was not inducement because it essentially constitutes promises of a criminal reward. See Spentz, 653 F.3d at 820 n. 4. Kurt provided no evidence of government pressure or incentives that would prompt a law-abiding person to commit the offense. Opportunity, alone, does not constitute inducement and accordingly, the district court did not abuse its discretion.[2]
II
The district court excluded photographs of a victim of an assault by a group *726 of extremists because the photographs were “not necessary” in light of other evidence about the assault. Although a defendant is generally entitled to defend against the government’s accusations by presenting corroborative evidence, see DePetris v. Kuykendall, 239 F.3d 1057, 1062-63 (9th Cir.2001), the district court did not abuse its discretion here. The district court was entitled to exclude the photographs under Federal Rule of Evidence 403 because they were cumulative of the substantial testimony about the assault from both government and defense witnesses and because any additional probative value was minimal.
III
The district court also excluded excerpts from extremist books because they were irrelevant to entrapment, which was the sole issue in dispute. We agree with the district court because the book excerpts did not make Kurt’s narrative any more probable than the government’s narrative. Kurt may have referenced the ideas in the books because — as he claimed — he was playing along with the informant to obtain information about extremists so that he could protect the assault victim from them. It is equally plausible, however, that Kurt was referring to those ideas because — as the government claimed — he agreed with them and wished to carry out some of the acts described in the books. Thus, the excerpts did not make any consequential fact more or less probable than it would be in their absence, and the district court did not abuse its discretion. See Fed.R.Evid. 401.
IV
The district court applied a four-level enhancement to Kurt’s base offense level for possessing a firearm in connection with another felony under U.S.S.G. § 2K2.1(b)(6)(B). It found that although Kurt had no “specific plan as to exactly what was going to be done,” he had made so many references to violent or terrorist acts that it was clear that he was making preparations to commit such an act.
In United States v. Jimison, 493 F.3d 1148, 1149 (9th Cir.2007) (citing United States v. Dodge, 61 F.3d 142, 146 (2d Cir.1995)), we indicated that in order for the enhancement to apply, the defendant “must have formed a firm intent to use the gun for a felonious purpose.” In doing so, we cited the Second Circuit’s decision in Dodge with approval. Id. (citing 61 F.3d at 146). In Dodge, 61 F.3d at 146-47, the Second Circuit affirmed the district court’s imposition of the enhancement based on the defendant’s statements indicating that he intended to blow up a structure with a bomb. In doing so, the district court rejected the defendant’s suggestion that he merely intended to detonate the bomb “in the woods for fun.” Id. at 147. Similarly, the district court did not abuse its discretion here where Kurt made numerous statements indicating that he had a firm intent to commit terrorist acts — any one of which would have been a felony — despite the fact that they did not all relate to one, specific plan.
V
The district court also imposed a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, finding that Kurt attempted to influence the informant and provided false testimony. We have previously upheld a district court’s imposition of the enhancement where a defendant distributed an informant’s cooperating agreement to third parties with the words “rat” and “snitch” written on it. United States v. Jackson, 974 F.2d 104, 106 (9th Cir.1992). Here, Kurt attempted *727 to contact a third party and urge him to “expose” the informant and “derail the government agenda at every turn.” Without considering whether Kurt provided false testimony, we find that the district court did not abuse its discretion when it imposed the enhancement based on Kurt’s attempt to influence the informant through a third party.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of the case, we repeat only those facts necessary to explain our decision.

. We recognize that mere association with members of an extremist group is not illegal. We part ways with our dissenting colleague because the record here demonstrates that the purpose of any such association would have been to carry out illegal acts. Thus, even if we credit Kurt's narrative, the government was not attempting to take advantage of a non-criminal motive. The promise of joining a criminal conspiracy cannot constitute inducement because it would not induce a law-abiding person to commit a crime. Kurt's uncommunicated, subjective intentions once he joined the conspiracy are not relevant to whether the government’s conduct induced him to possess firearms.