**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10206 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00025-HDM-VPC-1 |
| v. | |
| LAWRENCE KOMINEK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

Lawrence Kominek was convicted of two counts of methamphetamine

distribution in the United States District Court for the District of Nevada. He now

appeals the district court's imposition of a two level sentencing enhancement under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the United States Sentencing Guidelines § 3C1.1 for obstruction of justice.  We

have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Under the Guidelines, "[o]bstructive conduct can vary widely in nature," and

can include "threatening" a person involved in the justice system "directly or

indirectly."  U.S.S.G. § 3C1.1 cmt. n.3, n.4(A).  We are bound by this commentary

because it is neither inconsistent with nor a plainly erroneous reading of § 3C1.1.

*United States v. Bernardo*, — F.3d —, 2016 WL 1445223, at *2 (9th Cir. 2016)

("[T]he commentary in the Guidelines Manual that interprets or explains a

guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous

reading of, that guideline." (quoting *United States v. Martin*, 796 F.3d 1101, 1108

(9th Cir. 2015) (internal quotation marks omitted))).  Conduct that is sufficiently

threatening to a person who plays a role in the defendant's future sentencing

proceedings, whether or not the threat is made directly to the threatened person, is

disruptive to the criminal justice system.  *See United States v. Jackson*, 974 F.2d

104, 106 (9th Cir. 1992) ("Where a defendant's statements can be reasonably

construed as a threat, even if they are not made directly to the threatened person,

the defendant has obstructed justice.").

Here, the district court did not clearly err in concluding that Kominek's

conduct obstructed justice.  *See id.* at 105 ("Whether a defendant obstructed justice

under the Guidelines is a factual determination we review for clear error.").  The district court found that Kominek spoke with another prisoner over an eight month period of time about how to send a message to the prosecutor "as a form of intimidation."  The court found that during the course of the conversation, Kominek told the other prisoner that it was better to use C-4 explosives (that Kominek could provide) than a grenade to blow up the prosecutor's car, and Kominek also provided instructions on how to attach the explosive to the prosecutor's car.  Further, the district court found that Kominek gave authorities information about these conversations in part to remove himself as a possible suspect if the prosecutor's car were blown up.  Given these findings, which are supported by the record, the district court did not clearly err in concluding that Kominek's role in planning how to intimidate the prosecutor constituted obstruction of justice.  Nor did the court err in characterizing this obstructive conduct as meeting the requirements of § 3C1.1, which includes "threatening" conduct.  U.S.S.G. § 3C1.1 cmt. n.4(A).  The fact that Kominek's threatening statements were not made directly to the prosecutor is no obstacle to the application of § 3C1.1.  *See Jackson,* 974 F.2d at 106.

**AFFIRMED.**

KLEINFELD, Senior Circuit Judge, dissenting:

FILED

JUN 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I respectfully dissent.

The district court finding was that Kominek "immersed himself" in a conversation with a fellow prisoner who expressed an intent to intimidate the prosecutor. There was no finding that Kominek intended to intimidate the prosecutor, and there was no finding that Kominek communicated to or threatened the prosecutor directly or indirectly. Kominek's only communication was with the FBI to disclose the conversations in which his acquaintance expressed a desire to harm the prosecutor. Kominek's stated intent was partly to remove himself as a suspect if his fellow prisoner did indeed cause the prosecutor's car to be blown up. Reporting a possible future crime to the authorities with an intention not only to prevent it but also to remove oneself as a possible suspect, facilitates justice rather than obstructing it. Since there was no finding, and no facts to support a finding, that Kominek directly or indirectly threatened the prosecutor, the two-level obstruction of justice enhancement was erroneously imposed.

United States v. Jackson, 974 F.2d 104, 106 (9th Cir. 1992) does not dictate otherwise.  In Jackson, the defendant was assigned a two-level increase for obstruction of justice for making copies of a cooperation agreement with a witness with the words "rat" written on it, and distributing these copies around the city of Portland.  The reason this behavior constituted a threat, even though it was indirectly, rather than directly, communicated to the witness, is that the witness would know immediately from the "rat" notation on his plea agreement that his safety was in danger.  No inference of intimidation can be made here.  Kominek's only communication, to the FBI, would support an inference that he was thwarting rather than making a threat, and if he had "immersed" himself, had also withdrawn from any plot against the prosecuting attorney.

2