MEMORANDUM *
Lawrence Kominek was convicted of two counts of methamphetamine distribution in the United States District Court for the District of Nevada. He now appeals the district court’s imposition of a two level sentencing enhancement under the United States Sentencing Guidelines § 3C1.1 for obstruction of justice. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
Under the Guidelines, “Obstructive conduct can vary widely in nature,” and can include “threatening” a person involved in the justice system “directly or indirectly.” U.S.S.G. § 3C1.1 cmt. n.3, n.4(A). We are bound by this commentary because it is neither inconsistent with nor a plainly erroneous reading of § 3C1.1. United States v. Bernardo, 818 F.3d 983, 985 (9th Cir.2016) (“[T]he commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it ... is inconsistent with, or a plainly erroneous reading of, that guideline.” (quoting United States v. Martin, 796 F.3d 1101, 1108 (9th Cir.2015) (internal quotation marks omitted))). Conduct that is sufficiently threatening to a person who plays a role in the defendant’s future sentencing proceedings, whether or not the threat is made directly to the threatened person, is disruptive to the criminal justice system. See United States v. Jackson, 974 F.2d 104, 106 (9th Cir.1992) (‘Where a defendant’s statements can be reasonably construed as a threat, even if they are not made directly to the threatened person, the defendant has obstructed justice.”).
Here, the district court did not clearly err in concluding that Kominek’s conduct obstructed justicé. See id. at 105 (“Whether a defendant obstructed justice under the Guidelines is a factual determination we review for clear error.”). The district court found that Kominek spoke with another prisoner over an eight month period of time about how to send a message to the prosecutor “as a form of intimidation.” The court found that during the course of the conversation, Kominek told the other prisoner that it was better to use C-4 explosives (that Kominek could provide) than a grenade to blow up the prosecutor’s car, and Kominek also provided instructions on how to attach the explosive to the prosecutor’s car. Further, the district court found that Kominek gave authorities information about these conversations in part to remove himself as a possible suspect if the prosecutor’s car were blown up. Given these findings, which are supported by the record, the district court did not clearly err in' concluding that Kominek’s role in planning how to intimidate the prosecutor constituted obstruction of justice. Nor did the court err in characterizing this obstructive conduct as meeting the requirements of § 3C1.1, which includes “threatening” conduct. U.S.S.G. § 3C1.1 cmt. n.4(A). The fact that Kominek’s threatening statements were not made directly to the prosecutor is no obstacle to *605 the application of § 3C1.1. See Jackson, 974 F.2d at 106.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.