KLEINFELD, Senior Circuit Judge,
dissenting:
I respectfully dissent.
The district court finding was that Kom-inek “immersed himself’ in a conversation with a fellow prisoner who expressed an intent to intimidate the prosecutor. There was no finding that Kominek intended to intimidate the prosecutor, and there was no finding that Kominek communicated to or threatened the prosecutor directly or indirectly. Kominek’s only communication was with the FBI to disclose the conversations in which his acquaintance expressed a desire to harm the prosecutor. Komi-nek’s stated intent was partly to remove himself as a suspect if his fellow prisoner did indeed cause the prosecutor’s car to be blown up. Reporting a possible future crime to the authorities with an intention not only to prevent it but also to remove oneself as a possible suspect, facilitates justice rather than obstructing it. Since there was no finding, and no facts to support a finding, that Kominek directly or indirectly threatened the prosecutor, the two-level obstruction of justice enhancement was erroneously imposed.
United States v. Jackson, 974 F.2d 104, 106 (9th Cir.1992) does not dictate otherwise. In Jackson, the defendant was assigned a two-level increase for obstruction of justice for making copies of a cooperation agreement with a witness with the words “rat” written on it, and distributing these copies around the city of Portland. The reason this behavior constituted a threat, even though it was indirectly, rather than directly, communicated to the witness, is that the witness would know immediately from the “rat” notation on his plea agreement that his safety was in danger. No inference of intimidation can be made here. Kominek’s only communication, to the FBI, would support an inference that he was thwarting rather than making a threat, and if he had “immersed” himself, had also withdrawn from any plot against the prosecuting attorney.