**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30191 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00042-TMB-1 |
| v. | |
| TYLER CHANCE BATEMAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Argued and Submitted May 3, 2021
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,** District
Judge.

Tyler Bateman appeals his jury convictions for transmitting threats in

interstate commerce in violation of 18 U.S.C. § 875(c). Bateman argues: (1) the

district court erred by failing to instruct the jury on the definition of a true threat;

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

(2) there was insufficient evidence to convict on each of the eight counts of transmitting threats in interstate commerce; and (3) the district court erred by applying an obstruction of justice enhancement at sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite only those necessary to resolve the appeal.

1.     We review the district court's "formulation of jury instructions for an abuse of discretion, . . . and we review de novo whether the instructions misstated or omitted an element of the charged offense." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010). "[T]he omission of an element is an error that is subject to harmless-error analysis." *Neder v. United States*, 527 U.S. 1, 15 (1999).

The First Amendment permits the prohibition of "true threats," which "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003). "[T]he subjective test set forth in *Black* must be read into all threat statutes that criminalize pure speech." *United States v. Bagdasarian*, 652 F.3d 1113, 1117 (9th Cir. 2011). "[W]ith respect to some threat statutes, we require that the purported threat meet an objective standard *in addition* [to the subjective standard], and for some we do not." *Id.*

In the district court, Bateman argued the jury should be instructed on the definition of a "true threat." He first proposed a jury instruction that incorporated an objective standard, but later withdrew it. Bateman then proposed a jury instruction that read:

> A 'threat' is a serious statement expressing an intent to injure a person as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.

The district court declined to instruct the jury on the definition of a "true threat," but included as an element of each charged offense that "[t]he defendant transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat."

The evidence presented to the jury included text and Facebook messages Bateman sent in which he threatened, among other things, to poison his father and a police officer with ricin; "walk into a building with an AR15" and "hurt a lot of people"; "hurt a lot of dirty cops and their families." Concerning his former place of employment, he stated "If I decide to walk into Fasteners with an AR 15 [sic] you won't ever stop me," . . . "Pipe bombs. Gas grenades. Flash bangs. All that." Bateman told his parents they would "[n]ever stop [him] from hurting [them] should [he] choose," but that they could "only postpone it"; he called his father a "fucking retard" if his father thought Bateman would not poison him with ricin; he

3

"promise[d]" his father that "[b]y 2021 [his father] will not walk this Earth"; and he informed the Anchorage Police Department that they "won't stop" Bateman from "kill[ing] Officer Thomas Gaulke and several other people." Bateman also sent a message directly to Officer Gaulke, who was then his mother's boyfriend, saying "[b]y 2020 you will no longer walk this world," and that there was "nothing [Officer Gaulke] can do" but "postpone it and make it worse." Bateman's text and Facebook messages also included warnings that he was not joking. For example, one text stated, "You think its just talk," and ". . . you just think its funny. Laugh it off like a joke," followed by, "[w]e will see how funny it is when I am cutting you to ribbons, Mike." This content shows Bateman "subjectively intended the speech as a threat." *United States v. Stewart*, 420 F.3d 1007, 1019 (9th Cir. 2005) (quotation marks and citation omitted).

Assuming the district court erred by failing to instruct the jury on the definition of a "true threat," we conclude the error was harmless because it is clear beyond a reasonable doubt that a rational jury would have found the defendant objectively and subjectively intended to send a true threat. *Neder*, 527 U.S. at 19; *Stewart*, 420 F.3d at 1018–19.

2.      We review de novo the sufficiency of the evidence and will affirm the jury's verdict if, "after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). We conclude the evidence—including text messages, Facebook messages, and a videotaped confession—was sufficient to convict Bateman on all counts.

3. We review for clear error the district court's factual findings underlying an obstruction of justice sentencing enhancement, and we review de novo "[t]he district court's characterization of a defendant's conduct as obstruction of justice within the meaning of [U.S.S.G.] § 3C1.1." *United States v. Castro-Ponce*, 770 F.3d 819, 821–22 (9th Cir. 2014). The obstruction of justice enhancement applies "[i]f (1) the defendant willfully obstructed or impeded . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. Bateman sent a letter to the prosecutor in which he stated "[i]t would be naive to say" he could not "obtain the means to carry out" his threats of "poisoning folks with ricin" after his release. Bateman's letter to the prosecutor continued: "For all you know, I could be plotting against you! Your address is public domain and easily found . . . . It's as

5

simple as a box of chocolates." We conclude the district court correctly applied the obstruction of justice enhancement. *See United States v. Jackson*, 974 F.2d 104, 106 (9th Cir. 1992) ("Where a defendant's statements can be reasonably construed as a threat, . . . the defendant has obstructed justice.").

**AFFIRMED.**